

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

JOE LEDEZMA,

                Petitioner,

    v.

JAMES HILL,

                Respondent.

Case No. 2:24-cv-04888-HDV (MAA)

**ORDER OF DISMISSAL**

## I.  SUMMARY OF PROCEEDINGS

On May 28, 2024, a copy of a petition for writ of habeas corpus ("Petition") regarding *pro se* Petitioner Joe Ledezma was mailed to a judge in the United States District Court for the Northern District of California.  (Pet., ECF No. 1.)  That Court filed the Petition and on June 7, 2024, transferred the case to the United States District Court for the Central District of California.  (ECF No. 5.)

The Petition presented several problems.  First, it appeared on a form used by the California State Courts rather than any form approved for use in any United States District Court.  (Pet. 1-4, ECF No. 1.)  In addition, the Petition was directed to, and captioned for, the "Court of Appeals of the State of California for the Second Appellate District - Division One."  (*Id.* at 1; *see also id.* at 5.)  Further, the

1  proof of service attached to the Petition showed that service was made on the Los
2  Angeles County Superior Court, the California Attorney General, the California
3  Corrections Health Care Facility, the Second Appellate District of the California
4  Court of Appeal, and the chambers address of a Senior United States District Judge
5  of the Northern District of California sitting in Oakland, California. (*Id.* at 13.)
6  Taken together, this suggested that Petitioner intended to—and did—present this
7  Petition to the Second District Court of Appeal, an intermediate appellate court of
8  the State of California in the County of Los Angeles, and that the mailing of a copy
9  of the Petition to a judge in the Northern District of California was not intended to
10  initiate a federal case requesting a writ of habeas corpus from a federal court.

11       On August 8, 2024, the Court therefore ordered Petitioner either to file a
12  Notice of Dismissal or an amended Petition using the correct form by September 9,
13  2024. (ECF No. 12.) The Court "**cautioned that failure to respond to this**
14  **Order**" might result in dismissal of the Petition "**for failure to prosecute and**
15  **failure to comply with a court order pursuant to Federal Rule of Civil**
16  **Procedure 41(b).**" (*Id.*) No response to the Order to Show Cause was received by
17  the September 9, 2024 deadline. The Court therefore issued, on September 27,
18  2024, an Order to Show Cause why this action should not be dismissed for lack of
19  prosecution. (ECF No. 13.) The Court again "**cautioned that failure to respond**
20  **to this Order may result in dismissal of the Petition without prejudice for**
21  **failure to prosecute and/or failure to comply with a court order pursuant to**
22  **Federal Rule of Civil Procedure 41(b).** *See* **C.D. Cal. L.R. 41-1.**" (*Id.*) To date,
23  no response to either the August 8 or September 27, 2024 orders has been received.
24
25  **II.    LEGAL STANDARD**
26       District courts may dismiss cases *sua sponte* for failure to prosecute or for
27  failure to comply with a court order under Federal Rule of Civil Procedure ("Rule")
28  41(b). *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir.

2005); *see also Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962) (holding that the court has "inherent power" to dismiss cases *sua sponte* for lack of prosecution); *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (upholding district court's dismissal of habeas petition for failure to prosecute under Rule 41(b)).  Unless the Court states otherwise, a dismissal under Rule 41(b) operates as an adjudication on the merits.  Fed. R. Civ. P. 41(b).

"A Rule 41(b) dismissal 'must be supported by a showing of unreasonable delay.'"  *Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010) (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)), *overruled on other grounds by Langere v. Verizon Wireless Servs., LLC*, 983 F.3d 1115, 1117 (9th Cir. 2020).  In addition, the court must weigh the following factors in determining whether a Rule 41(b) dismissal is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Pagtalunan*, 291 F.3d at 642.  The Ninth Circuit will "affirm a dismissal where at least four factors support dismissal, or where at least three factors strongly support dismissal."  *Dreith v. Nu Image, Inc.*, 648 F.3d 779, 788 (9th Cir. 2011) (quoting *Yourish v. Cal. Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999)).

## III.    DISCUSSION

### A.    The Public's Interest in Expeditious Resolution and the Court's Need to Manage Its Docket

The first and second factors (the public's interest in expeditious resolution of litigation and the Court's need to manage its docket)[1] weigh in favor of dismissal. "Orderly and expeditious resolution of disputes is of great importance to the rule of

---

[1] The first two factors usually are reviewed together "to determine if there is an unreasonable delay."  *In re Eisen*, 31 F.3d 1447, 1452 (9th Cir. 1994).

law." *In re: Phenylpropanolamine*, 460 F.3d at 1227. "The public's interest in expeditious resolution of litigation always favors dismissal." *Pagtalunan*, 291 F.3d at 642 (quoting *Yourish*, 191 F.3d at 990). In addition, district courts "have an inherent power to control their dockets," *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Thompson v. Hous. Auth. of L.A.*, 782 F.2d 829, 831 (9th Cir. 1986)), and "are best suited to determine when delay in a particular case interferes with docket management and the public interest." *Yourish*, 191 F.3d at 990 (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)).

As discussed above, it appears that Petitioner did not intend to file a habeas petition in federal court. Consequently, his failure to prosecute this action is understandable. Nonetheless, the Court has a pending case and an obligation to resolve this open matter, and Petitioner has failed to comply with court orders for three months. The Court therefore concludes that Petitioner's inaction and lack of communication with the Court constitute deliberate and unreasonable delay. *See, e.g., Thomas v. Maricopa Cnty. Jail*, 265 F. App'x. 606, 607 (9th Cir. 2008) (holding that district court did not abuse its discretion by dismissing *pro se* prisoner lawsuit for failure to respond to a court order for almost three months). Petitioner's noncompliance also interferes with the public's interest in the expeditious resolution of this litigation and hinders the Court's ability to manage its docket. *See In re: Phenylpropanolamine*, 460 F.3d at 1227 ("[The Ninth Circuit] defer[s] to the district court's judgment about when a delay becomes unreasonable 'because it is in the best position to determine what period of delay can be endured before its docket becomes unmanageable.'" (quoting *In re Eisen*, 31 F.3d at 1451)). The first and second factors therefore weigh in favor of dismissal.

## B.    Risk of Prejudice to Defendants

The third factor (risk of prejudice to the defendants) also weighs in favor of dismissal. "A defendant suffers prejudice if the plaintiff's actions impair the

4

defendant's ability to go to trial or threaten to interfere with the rightful decision of the case." *In re: Phenylpropanolamine*, 460 F.3d at 1227 (quoting *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1412 (9th Cir. 1990)). "The law also presumes prejudice from unreasonable delay." *Id*. The risk of prejudice to a defendant is related to a plaintiff's reason for failure to prosecute an action. *Pagtalunan*, 291 F.3d at 642. "Whether prejudice is sufficient to support an order of dismissal is in part judged with reference to the strength of the plaintiff's excuse for the default." *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 131(9th Cir. 1987).

As Petitioner has not responded to Court orders requesting information, the Court cannot know for certain his reason for failing to prosecute this lawsuit. The Court may suspect Petitioner has abandoned this case because he did not intend to file it in the first place, but he has not actually communicated that fact to the Court. This cannot excuse his failure to prosecute, however. *See Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988) ("It would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."). As a "presumption of prejudice arises from the plaintiff's failure to prosecute," *Hernandez v. City of El Monte*, 138 F.3d 393, 400 (9th Cir. 1998), the third factor weighs in favor of dismissal.

### C.   Availability of Less Drastic Alternatives

The fourth factor (the availability of less drastic alternatives) also supports dismissal. "The district court need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424. Less drastic alternatives to dismissal include warning a party that dismissal could result from failure to obey a court order. *See Malone*, 833 F.2d at 132, n.1; *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) ("[A] district court's warning to a party that his failure to obey the

court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement."). Here, the Court asked Petitioner to confirm that he intended to pursue *federal* habeas relief—and warned him that failure to respond might result in dismissal. (ECF No. 12.) When he failed to respond, the Court ordered him to show cause why dismissal would not be appropriate—and once again warned him that failure to respond might result in dismissal. (ECF No. 13.) If Petitioner had provided any indication that he had, in fact, intended to seek federal habeas relief at this time and intended to pursue this matter, the Court would have been willing to entertain other options. But as Petitioner has not responded to Court orders requesting information, no alternatives to dismissal without prejudice currently are available. *See McSweeney v. Fed. Corr. Inst. Lompoc*, No. CV 23-04234-KS, 2024 WL 4452431, at *3 (C.D. Cal. Oct. 3, 2024); *Gorbey v. Warden*, No. 5:24-cv-00882-MCS-PD, 2024 WL 4406934, at *1 (C.D. Cal. Aug. 21, 2024).

### D.     Public Policy Favoring Disposition on the Merits

As to the fifth factor, "[p]ublic policy favors disposition of cases on the merits." *Pagtalunan*, 291 F.3d at 643. However, "a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines . . . cannot move toward resolution on the merits." *In re: Phenylpropanolamine*, 460 F.3d at 1228. Thus, "this factor lends little support to a party whose responsibility it is to move a case towards disposition on the merits but whose conduct impedes progress in that direction." *Id.* (internal quotation marks omitted). Here, while Petitioner's failure to comply with court orders has stalled the case, it further appears that he had no intention of seeking federal habeas relief at this time, so it seems unlikely that the case would ever reach the merits even if the Court chose not to dismiss it now. However, as the public policy favoring the resolution of disputes on the merits is strong and generally outweighs a party's simple noncompliance and inaction, the Court will consider the fifth factor as weighing against dismissal.

6

### E.    Dismissal Without Prejudice

Since at least four factors support dismissal, and only one weighs against it, dismissal here is appropriate.  *See Dreith*, 648 F.3d at 788–89.  In cases where "the public policy favoring disposition of cases on their merits weighs against [dismissal], that single factor is not enough to preclude imposition of this sanction when the other four factors weigh in its favor."  *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1022 (9th Cir. 2002).  The Court therefore concludes that dismissal of this action for failure to prosecute and to comply with Court orders is warranted, but, consistent with Rule 41(b) and this Court's exercise of its discretion, the dismissal is without prejudice.

## IV.    CONCLUSION

IT THEREFORE IS ORDERED that this lawsuit is DISMISSED without prejudice.

DATED: __11/19/24_____

_____
HERNÁN D. VERA
UNITED STATES DISTRICT JUDGE

Presented by:

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE

7